**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TAUHEEDAH ALEEM, individually and as successor-in-interest on behalf of the Estate of ARZELMA HAYWARD, *et al.*,

    Plaintiffs,

  v.

McKESSON CORP., *et al.*,

    Defendants.

No. C 13-3051 SI

**ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Several motions are scheduled for a hearing on August 30, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motion to stay all proceedings in this case pending a final decision on transfer by the Judicial Panel on Multidistrict Litigation. In the event the Panel does not transfer this action, the Court will rule on plaintiffs' motion for remand.

**DISCUSSION**

This case is one of many involving the prescription diabetes drugs Avandia®, Avandamet®, and Avandaryl® (collectively, "Avandia®") currently pending in federal court.[1] Plaintiffs originally filed

---

[1] There are numerous such cases pending in the Northern District of California, and judges presiding over those cases have granted motions to stay proceedings pending decisions by the Judicial Panel on Multidistrict Litigation ("JPML") regarding transfer of those cases to the Avandia® MDL, *In*

this case in the Superior Court for the County of San Francisco against McKesson Corporation, Smithkline Beecham Corporation d/b/a/ Glaxosmithkline and numerous Doe defendants. The complaint alleges that plaintiffs were prescribed Avandia®, and that they have suffered serious cardiovascular events such as heart attacks and congestive heart failure as a result of their use of that drug. On July 2, 2013, defendant Glaxosmithkline removed the action to this Court, asserting diversity jurisdiction as well as jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(11). The Notice of Removal asserts that McKesson was fraudulently joined for a number of reasons, including that plaintiffs' state law claims against McKesson are preempted under *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011).

On July 9, 2013, the Judicial Panel on Multidistrict Litigation issued a Conditional Transfer Order conditionally transferring this case to the MDL proceeding pending before Judge Cynthia Rufe, in the Eastern District of Pennsylvania, *In re Avandia Marketing, Sales Practices and Products Liab. Litig.*, MDL No. 1871. *See* Boranian Decl., Ex. B. Presently before this Court are defendant Glaxosmithkline's motion to stay the action until the JPML resolves any dispute about transferability, and plaintiffs' motion for remand to state court.

The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Court finds that a stay is in the interest of judicial economy and consistency because if this case is transferred to MDL No. 1871, Judge Rufe can address the jurisdictional issues in a uniform manner. *See Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001) ("If the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred, judicial economy would be served by issuing the stay."); *see also Couture v. Hoffman-LaRoche, Inc.*, No. 12-cv-2657-PJH, 2012 WL 3042994, at *2 (N.D. Cal. July 25, 2012) ("[D]eference to the MDL court for resolution of a motion to remand often provides 'the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.'") (citation omitted). The Court also finds that a stay will not prejudice plaintiffs

---

*re Avandia Marketing, Sales Practices and Products Liab. Litig.*, MDL No. 1871 (E.D. Penn.). *See* Boranian Reply Decl. Ex. A.

2

because the JPML's final decision on transfer is likely to be issued shortly.

Finally, plaintiffs are incorrect that this "mass action" cannot be transferred to the Avandia® MDL under Section 1332(d)(11)(C)(i) of CAFA without the agreement of a majority of the plaintiffs because this case was also removed on diversity jurisdiction grounds. *See In re: Darvocet, Darvon and Propoxyphene Prod. Liab. Litig.*, __ F. Supp. 2d __, 2013 WL 1635469, at *4 (U.S. Jud. Pan. Mult. Lit. Apr. 17, 2013) ("After both consideration of all argument of counsel and substantial and thorough reflection regarding this issue, we find that Section 1332(d)(11)(C)(i) does not prohibit Section 1407 transfer of an action removed pursuant to CAFA's mass action provision so long as another ground for removal is asserted.").

Accordingly, for the foregoing reasons, the Court GRANTS defendant's motion to stay this action, Docket No. 11, and DEFERS ruling on plaintiffs' motion for remand. Docket No. 12.

**IT IS SO ORDERED.**

Dated: August 16, 2013

SUSAN ILLSTON
United States District Judge